R. E. JACKSON AND HIS WIFE, LULA G. JACKSON, v. NORTH CAROLINA JOINT STOCK LAND BANK OF DURHAM AND THE INTERSTATE TRUSTEE CORPORATION.

(Filed 1 November, 1935.)

Contracts A b—Where no time is stipulated for acceptance of offer, offeree has reasonable time within which to accept same.

> Defendant offered to accept a stipulated sum in full settlement of plaintiffs' mortgage indebtedness to defendant if payment were made in thirty days. After the expiration of the thirty days defendant accepted a partial payment of the sum stipulated, and agreed to accept bonds of the Federal Land Bank in a stipulated amount in payment of the balance. About four months after the partial payment, plaintiffs obtained the bonds and tendered same to defendant, and defendant declined to accept same. *Held:* Plaintiffs' rights are to be determined in accordance with the second offer of defendant, made upon accepting partial payment, and as no time was therein set for acceptance by plaintiffs, plaintiffs had a reasonable time within which to comply with its terms, upon the jury's finding that plaintiffs tendered the bonds within a reasonable time, plaintiffs are entitled to specific performance.

APPEAL by defendants from *Grady, J.,* at June Term, 1935, of LENOIR. No error.

This is an action for the specific performance of a contract by which the defendant North Carolina Joint Stock Land Bank of Durham agreed to accept from the plaintiff R. E. Jackson, in full settlement of his indebtedness to said bank, amounting to $10,295, the sum of $8,000. The said indebtedness was evidenced by a bond secured by a deed of trust executed by the plaintiffs to the defendant, the Interstate Trustee Corporation, on land in Lenoir County, North Carolina.

On 5 March, 1934, the defendant North Carolina Joint Stock Land Bank of Durham offered to accept from the plaintiff R. E. Jackson, in full settlement of his indebtedness to said bank, the sum of $8,000, provided said sum was paid within thirty days. The plaintiff accepted said offer and notified defendant that he had undertaken to raise said sum of

23—208

$8,000. After the expiration of thirty days from the date of said offer, the plaintiff paid to the defendant the sum of $2,061.13, in money, and on 17 August, 1934, the defendant agreed to accept from the plaintiff bonds of the Federal Land Bank of Columbia, S. C., of the face value of $5,938.87, as the balance due on the settlement. The plaintiff had applied to said Federal Land Bank for said bonds, and said application was then pending. On 3 December, 1934, the defendant notified the plaintiff that on account of the unreasonable delay of the plaintiff in completing said settlement, its offer was withdrawn. Thereafter, on 23 January, 1935, the plaintiff procured bonds of the Federal Land Bank of Columbia of the face value of $5,938.87, and tendered same to the defendant. The defendant declined to accept said bonds. This action was begun on 19 March, 1935.

At the trial, in response to issues raised by the pleadings, the jury found that there was no unreasonable delay on the part of the plaintiff in making the tender of the bonds, and that plaintiff was then ready, able, and willing to comply with the terms of the contract entered into by the parties on 17 August, 1934. Other issues were answered by the court, with the consent of the parties to the action, in accordance with the contentions of the plaintiffs.

From judgment in accordance with the verdict, the defendants appealed to the Supreme Court, assigning numerous errors in the trial.

*Wallace & White and Shaw & Jones for plaintiffs.*

*R. A. Whitaker, J. S. Patterson, S. C. Brawley, and A. W. Cowper for defendants.*

PER CURIAM. The contract which the plaintiffs seek to enforce by this action was the result of an offer by the defendant North Carolina Joint Stock Land Bank of Durham, and its acceptance by the plaintiff R. E. Jackson, on 17 August, 1934. This contract contains no provision that it must be complied with by the plaintiff within thirty days, as was the case with the contract dated 5 March, 1934. For this reason, the plaintiff had a reasonable time within which to perform the contract. The jury having found that there was no unreasonable delay on the part of the plaintiff in making a tender of the bonds, and that plaintiff was ready, able, and willing to comply with the offer of the defendant, at the time of the trial, the plaintiffs are entitled to a specific performance by the defendant of the contract.

We find no error in the trial. The judgment appearing on the record is affirmed.

No error.